UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


David R. Proverb


    v.                                  Civil No. 08-cv-431-PB


James O'Mara, Superintendent,
Hillsborough County Department
of Corrections, et al.[1]


**O R D E R**


    Before the Court is David Proverb's complaint (document nos. 1, 6, 7 & 11)[2], filed pursuant to 42 U.S.C. § 1983, alleging that

---

    [1] In addition to O'Mara, Proverb names the following employees of the Hillsborough County Department of Corrections as defendants to this action: Capt. William Scurry, Sgt. J. Duclose, Capt. Mark Cusson, Capt. Bonnie Ives, Capt. Gilfford Hisco, Lt. Riley (first name unknown ("FNU")), Sgt. FNU Pinciaro, Bill Raymond, Christine (last name unknown ("LNU")), FNU Barber, Dr. FNU Harris, Sgt. FNU Gordon, Corrections Officer ("C.O.") FNU Adams, C.O. FNU Lucas, C.O. FNU Revis, C.O. FNU Rosado, C.O. FNU Archenbault, C.O. FNU Ellis, C.O. FNU Marinowski, C.O. FNU Rodriguez, C.O. FNU Moloney, Jan LNU, Field Training Officer ("FTO") FNU Antillis, FTO FNU Granville, Sgt. FNU Barnes, Sgt. FNU Potter, C.O. FNU Rodgers, C.O. FNU Gosslin, C.O. FNU Thomas, C.O. FNU Sloane, C.O. FNU Utzilano, Sgt. FNU Brown, C.O. FNU Bowers, C.O. FNU Goldmann, C.O. FNU Bass, and several John Doe C.O.s.

    [2] Proverb initially filed a complaint (document no. 1) on October 20, 2008. He filed attachments to that complaint on October 30, 2008. On January 9, 2009, Proverb filed two motions to amend his complaint (document nos. 6 & 7) and an addendum to his complaint (document no. 11). I grant the motions to amend

the defendants have violated his rights under the United States Constitution during his incarceration at the Hillsborough County Department of Corrections ("HCDOC"). The matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

As fully explained in my Report and Recommendation, issued simultaneously with this Order, I find that Proverb has stated claims upon which relief might be granted, and I direct that: the excessive force claims be served on defendants Pinciaro, Rodriguez, Adams, Ellis, Rosado, Antillis, Gordon, and Granville; the verbal abuse claims be served on defendants Pinciaro, Rodriguez, Adams, Ellis, Archenbault, Adams, Revis, Rosado, Antillis, Moloney, Lucas, Gordon, and Granville; the endangerment claims be served on defendants Adams, Archenbault, Revis, Rosado, Ellis, Antillis, Moloney, Lucas, and Marinowski; the toilet paper claim be served on defendant Pinciaro; the laundry claim be served on defendant O'Mara, the free speech claim be served on defendants Antillis, Gordon, and Granville, the denial of access

---

and will consider all of the documents, in the aggregate, to constitute the complaint in this action.

to grievance procedures claim be served on defendants Riley, Barnes, Potter, and O'Mara, and the excessive strip searches claim be served on defendant O'Mara. In my Report and Recommendation, I recommend dismissal of the remaining claims and defendants from this action.

Without further comment on the merits of the complaint, I order that the complaint be served on defendants Pinciaro, Rodiguez, Adams, Ellis, Rosado, Antillis, Gordon, Granville, Archenbault, Adams, Revis, Rosado, Moloney, Lucas, Marinowski, O'Mara, Riley, Barnes, and Potter. My review of the file indicates that Proverb has not completed summons forms for the defendants at the Hillsborough County Department of Corrections. The Clerk's Office shall complete summons forms for each of the defendants, and shall issue the summonses against defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document nos. 1, 6, 7 & 11), the Report and Recommendation, and this Order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Defendants. See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Proverb is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Justo Arenas
United States Magistrate Judge

Date: February 13, 2009

cc:   David R. Proverb, pro se